UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------

KEITH MAYDAK,

                            Petitioner,

    -v-

WARDEN FCI RAYBROOK,

                            Respondent.

6:97-CV-1817

----------------------------------------

APPEARANCES:                           OF COUNSEL:

Keith Maydak, Petitioner pro se
500 Lincoln Highway
N. Versailles, PA 15137

HON. GLENN T. SUDDABY, ESQ.
United States Attorney
Northern District of New York
Attorney for Respondent
P. O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-5165

DAVID N. HURD
United States District Judge

## ORDER

On March 29, 2001, an Order issued directing that:

1. Respondent vacate the disciplinary penalty that was the subject of this action and expunge such penalty from Keith Maydak's ("Maydak") disciplinary record unless, on or before April 30, 2001, DHO Ryan at FCI Ray Brook files and serves an affidavit stating specific reasons for the denial of a rehearing based on new evidence;

2. Should respondent vacate the disciplinary penalty as set forth above, an affidavit to that effect be filed and served on or before April 30, 2001; and

3. Should DHO Ryan file and serve an affidavit stating specific reasons for the denial, Maydak is instructed that he may challenge the decision administratively, as if it was the original decision, and file a subsequent action pursuant to 28 U.S.C. § 2241 if he is dissatisfied with the administrative result.

On May 8, 2003, Maydak filed a Motion to grant his petition for a writ of habeas corpus directing respondents to expunge all records of the disciplinary action, and to modify his release date <u>nunc pro tunc</u>. This motion is based upon respondent's failure to comply with the March 29, 2001, Order as set forth above.

In apparent response, on June 6, 2003, DHO Ryan filed an affidavit purporting to comply with the March 29, 2001, Order. However, the affidavit was filed more than two years past the deadline. Attached to the affidavit is a draft memorandum of decision that DHO Ryan prepared in response to the March 29, 2001, Order. The draft memorandum sets forth DHO Ryan's reasons for denying a rehearing based upon new evidence. However, there is no indication that the draft memorandum was given to Maydak. Accordingly, Maydak had no adequate opportunity to administratively challenge the decision.

On June 20, 2003, Maydak filed a request to strike the affidavit and for an order directing the expungement of the disciplinary action that was the subject of this action. As Maydak correctly points out, the affidavit is untimely.

Accordingly, it is

ORDERED that

1. Maydak's request to strike the affidavit filed by DHO Ryan is GRANTED;

    2. Respondent vacate the disciplinary penalty that was the subject of this action; expunge such penalty from Maydak's disciplinary record; and modify his release date <u>nunc pro tunc</u> on or before July 11, 2003; and

    3. Respondent file and serve, on or before July 16, 2003, an affidavit stating under penalty of perjury that the disciplinary penalty has been vacated, the penalty has been expunged from Maydak's disciplinary record, and his release date has been modified <u>nunc pro tunc</u>.

_____  
United States District Judge

Dated:  July 1, 2003  
          Utica, New York.