UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
KEITH MAYDAK,

              Petitioner,

v.                                                        9:97-CV-1817
                                                        (DNH)(DRH )

WARDEN, FCI RAY BROOK,

              Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

FOR THE PETITONER:

KEITH MAYDAK
Petitioner, *pro se*
500 Lincoln Highway
N. Versailles, PA 15137

FOR THE RESPONDENT:

OFFICE OF THE UNITED STATES          CHARLES E. ROBERTS, AUSA
ATTORNEY
PO Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID N. HURD, DISTRICT JUDGE

## ORDER

    Presently before the Court is respondent's motion seeking reconsideration of this Court's July 1, 2003 order and dismissal of this action. (Docket No. 41). The July Order struck the affidavit of DHO Ryan (Docket No. 37) and ordered respondent to vacate the disciplinary penalty that was the subject of this action, to expunge such penalty from petitioner's disciplinary record, and for the respondent to modify petitioner's release

date *nunc pro tunc* on or before July 11, 2003.[1] (Docket No. 40). Respondent was also ordered to file and serve, on or before July 16, 2003, an affidavit stating, under penalty of perjury, that the ordered actions had been taken by respondent. This motion was filed on July 10, 2003 and petitioner has opposed the motion. (Docket No. 45).

## A. BACKGROUND.

This action was filed on December 12, 1997. It is a proceeding pursuant to 28 U.S.C.§2241 that challenges a 1997 disciplinary proceeding that resulted in petitioner's loss of thirty (30) days of good time.[2] On June 2, 2000 this Court issued an order denying the petition and dismissing this action. On appeal the Second Circuit Court of Appeals vacated the June Order. The January 10, 2001 Order remanded the case, and ordered that the district court:

> ... direct the respondent to vacate the disciplinary penalty unless, within a time set by the district court, DHO Ryan at FCI Ray Brook provides a statement of the reasons for denying Maydak a rehearing based on no new evidence. If the statement is provided, Maydak is instructed that he may challenge the decision administratively, as if it was the original decision, and file a new §2241 petition in the district court if he is not satisfied with the administrative result.

Docket No. 34.

According to documents filed with this Court, DHO Ryan was made aware of the Second Circuit decision and, on or about January 19, 2001, reviewed the evidence and issued a draft memorandum dated January 19, 2001. (Docket No. 37). There is no

---

[1] Contrary to respondent's arguments in the pending motion, this Court has never directed modification of petitioner's supervised release, but rather his release date from the Federal Bureau of Prisons' custody.

[2] The incident giving rise to the disciplinary action occurred at the Federal Correctional Institution at Beckley, West Virginia. However, petitioner was in custody at FCI Ray Brook when this action was filed.

2

evidence, or even allegation, that this document was served on Maydak, and nothing was filed with this Court by DHO Ryan until June, 2003. Maydak was released from the custody of the Federal Bureau of Prisons on February 15, 2001 and began to serve three years of supervised release.

The Second Circuit mandate was filed in this Court on March 28, 2001. On March 29, 2001 this Court issued an order setting April 30, 2001 as the deadline for respondent to file the documents required by the Second Circuit. (Docket No. 35). The respondent did not file any response to the March 29, 2001 Order.

On September 27, 2001 a warrant was issued for petitioner by the Western District of Pennsylvania due to petitioner's failure to appear for a show cause violation hearing before that Court pertaining to the revocation of his supervised release. On September 29, 2002 petitioner was arrested in British Columbia and remains, as of the filing of this motion, in custody in Canada.[3]

On May 8, 2003 petitioner filed a motion for entry of a writ of habeas corpus directing that the terms of the Court's March 29, 2001 Order be carried out by the

---

[3]Contrary to respondent's allegations that petitioner has attempted to deceive this Court as to his location, all of petitioner's mail to this Court has revealed his location in Canada, including the identity of the facility where he is currently housed. The fact that he chooses for the Court to direct its correspondence to him at another mailing address is not troublesome to this Court.

Further, the fact that petitioner has apparently elected to employ his full panoply of rights, bestowed by extradition treaties between the United States and Canada, in his extradition proceeding does not prejudice the respondent in this case. It appears that Maydak is either being held by Canadian authorities at the request of the United States, or is serving a sentence for offenses in Canada. However, it is clear that his whereabouts have been known to the respondent since September 2002, and that when legal proceedings are concluded he will be returned to the custody of the Federal Bureau of Prisons if such return is legally justified.

3

respondents. In response, respondent filed the June 3, 2003 affidavit of DHO Ryan. (Docket No. 37). That response provided the Court with a copy of the January 19, 2001 "draft memorandum", but no explanation was provided as to why the March 29, 2001 Order was not complied with. Further, no evidence or allegations were offered that the draft memorandum was served on Maydak permitting him to exercise the right to challenge the findings of the DHO as ordered by the Second Circuit and this Court. On June 20, 2003 petitioner moved to strike DHO Ryan's affidavit. (Docket No. 39). By Order dated July 1, 2003 this Court granted petitioner's motion.

## B. RESPONDENT'S MOTION.

### 1. The Standard.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

### 2. Respondent's Arguments.

Respondent argues that the prior motion should be reconsidered, and this action dismissed, because this Court lacks subject matter jurisdiction, and because petitioner is a fugitive and therefore can not maintain this action.

#### a. Subject Matter Jurisdiction.

Respondent argues that this Court lacks subject matter jurisdiction because Maydak has now been released, and therefore there is no case in controversy.

Respondent alleges that once Maydak was released he lost his personal stake in this controversy. Respondent does not address the fact that it was aware in January, 2001 of the Second Circuit's decision and, allegedly took some steps to comply with it. At that time, Maydak was still in custody and but for respondent's failure to fully comply with that Order, this action could have been concluded prior to petitioner's release. However, respondent's papers do make it clear to this Court that Maydak's release on February 15, 2001 was not unconditional and, in fact, he faces a hearing on revocation of his supervised release status upon completion of his legal proceedings in Canada.

Maydak responds that he served an additional 30 days in prison, and that the records should clearly reflect this. Further, Maydak asserts that pursuant to 18 U.S.C. §3585(b) he is entitled for credit for that time (30 days of incarceration) in the event he is sentenced to additional incarceration, or if his supervised release is revoked and he is incarcerated in the same case.

It is clear that a conditional release does not moot a pending habeas proceeding. *Jones v. Cunningham*, 371 U.S. 236 (1963); *United States v. Reeves*, 246 F. Supp 599 (S.D.N.Y. 1965). The facts of this case make it unmistakably clear that petitioner's "continued liberty was conditioned upon fulfillment of the terms of his release. Any breach of the restrictions and conditions of his release would subject him to rearrest." *United States v. Reeves, supra.* at 601. Accordingly, respondent's argument as to lack of subject matter jurisdiction is not grounds for reconsideration of the July Order.

### b. Fugitive Status.

Respondent argues that petitioner is a fugitive from justice in light of the warrant issued by the Pennsylvania court, his incarceration in Canada and petitioner's exercise of his rights in the extradition proceedings. Respondent further asserts that Maydak's fugitive status bars petitioner's right to pursue his remedies in this Court.

It is clear that the doctrine of "fugitive disentitlement" is not an absolute bar, but rather vests a significant amount of discretion in the Court where the proceeding being evaded is pending. *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993); *Degen v. United States,* 517 U.S. 820 (1996). In this case, if petitioner has "flouted" any Court, it is the Pennsylvania court, not this Court. Petitioner has timely responded to every demand, order or other directive of this Court, even while incarcerated in Canada. The *Ortega-Rodriguez* Court, recognizing the authority of the court to dismiss cases where parties have fled or otherwise flouted the authority of a court, left it unmistakably clear "[w]e cannot accept an expansion of this reasoning that would allow [a court] to sanction by dismissal any conduct that exhibited disrespect for any aspect of the judicial system ... Such a rule would sweep far too broadly ... ." *Id.* at 246.

Accordingly, because the respondent has not established any of the above-cited factors relative to his motion for reconsideration, the Court declines to grant reconsideration of its July 1, 2003 Order.

WHEREFORE, it is hereby

ORDERED, that respondent's motion for reconsideration of the Court's July 1, 2003 Order and dismissal of this action (Docket No. 41) is denied, and it is further

ORDERED, that, within **thirty (30) days** from the filing date of this Order, the

6

respondent shall fully comply with the Court's July 1, 2003 and shall (1) vacate the disciplinary penalty that was the subject of this action; expunge such penalty from Maydak's disciplinary record; and modify his **release** date *nunc pro tunc*; and, (2) file and serve an affidavit stating under penalty of perjury that the disciplinary penalty has been vacated, the penalty has been expunged from Maydak's record, and his release date has been modified *nunc pro tunc*.

ORDERED, that the Clerk serve a copy of this Order on the parties by regular mail.

IT IS SO ORDERED.

David N. Hurd
District Judge

Dated: September 17, 2003
Utica, New York